IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CARLOS QUINTANILLA VILLALTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-0038 (RDA/WEF) |
| TODD M. LYONS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

<u>ORDER</u>

This matter comes before the Court on Petitioner Carlos Quintanilla Villalta's ("Petitioner") Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody or a bond hearing before an Immigration Judge.  Petitioner argues that he is detained under 8 U.S.C. § 1226(a) rather than under § 1225(b)(2), and that this ongoing detention violates his due process rights, and he requests that this Court order that he be granted a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).  Respondents oppose the Petition and assert that Petitioner was properly detained under 8 U.S.C. § 1231(a), because he is subject to a final order of removal.  Dkt. 10.  For the reasons set forth below, the Petition is DENIED.

## I.  BACKGROUND

Petitioner is a native and citizen of El Salvador and entered the United States on or around 2001.  Dkt. 1 at 4, 11.  Petitioner has been detained since October 15, 2025.  *Id.*

On January 7, 2026, Petitioner initiated this proceeding.  Dkt. 1.  On January 14, 2026, this Court set a briefing schedule.  Dkt. 2.

On January 16, 2026, Petitioner filed an Emergency Motion for a Temporary Restraining Order.  Dkt. 4.  In the motion, Petitioner asserted that he had been moved from Manassas, Virginia

to Richmond, Virginia to Jena, Louisiana in violation of this Court's Order that Petitioner not be removed from the judicial District. Dkt. 4. That same day, Respondents responded that Petitioner had been moved prior to the issuance of this Court's Order. Dkt. 5. Respondents further asserted that Petitioner was in the process of being returned to this District. *Id.* The Court therefore denied Petitioner's Motion as moot. Dkt. 6.

On January 20, 2026, Respondents filed their Opposition to the Petition. Dkt. 7. In the Opposition, Respondents asserted that Petitioner is subject to an administratively final order of removal. Dkt. 7; Dkt. 7-1. Specifically, Respondents assert that, on March 22, 2019, Petitioner was charged with being inadmissible to the United States and, on January 21, 2025, failed to appear for his scheduled hearing. *Id.* Thus, the Immigration Judge ("IJ") sustained the charge of removability and ordered Petitioner to be removed to El Salvador. *Id.* Respondents argue that, when immigration officials encountered Petitioner in 2026 and took him into custody, they did so pursuant to 8 U.S.C. § 1231. *Id.*

On January 22, 2026, Petitioner filed his Reply. Dkt. 8. In his Reply, Petitioner asserts that he filed a motion to reopen with the IJ, which was denied, and that he intends to file a motion to reconsider or an appeal, along with a motion for stay of removal. *Id.* Petitioner further asserts that he has requested a reasonable fear interview, which triggers an administrative stay of removal. *Id.* Petitioner therefore argues that Section 1231 does not apply, because the removal period has not begun. *Id.* He also cites *Guzman Chavez v. Hott*, 940 F.3d 867 (4th Cir. 2019), as standing for the proposition that certain detainees are detained under Section 1226 during the pendency of an appeal of a removal decision. *Id.* Petitioner further argues that prolonged detention violates due process principles as announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

On January 23, 2026, this Court directed Respondents to provide a sur-reply addressing

the authority cited by Petitioners. Dkt. 9.

On January 29, 2026, Respondents filed their Sur-Reply. Dkt. 10.

Now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.  DISCUSSION

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

On January 21, 2025, the IJ determined that Petitioner's "failure to appear and proceed with any applications for relief constitutes an abandonment of any pending applications." Dkt. 7-1 at 6. Accordingly, the IJ ordered that Petitioner "shall be removed to El Salvador." *Id*. Petitioner does not contest that there is a removal order from the in-absentia proceeding. Dkt. 8. Section

1231 requires detention of aliens who are subject to an administratively final order of removal. *See* 8 U.S.C. §§ 1231(a)(1), (2). Where, as here, an alien has been ordered removed in absentia, the order becomes final "immediately upon entry of such order." 8 C.F.R. § 1241.1(e). Furthermore, pursuant to Section 1231(a)(2)(A), the Attorney General is required to detain aliens subject to a final order of removal. 8 U.S.C. § 1231(a)(2)(A). Although the removal period is generally ninety (90) days, Section 1231 provides that the removal period may be extended in certain circumstances. *Id.* § 1231(a)(6). And, after the passage of ninety (90) days, the Department of Homeland Security ("DHS") may release an alien if DHS determines that he "will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such alien's removal." 8 C.F.R. § 241.4(d)(1). Thus, the order of removal subjects Petitioner to detention pursuant to Section 1231.

Petitioner seeks to avoid this determination by noting that he sought to reopen his immigration proceedings, a request that was denied, and that he "intends to file imminently a motion to reconsider with the same court or an appeal with the Board of Immigration Appeals." Dkt. 8. Although the filing of a motion to reopen the order of removal stays removal, an appeal or seeking reconsideration of the denial of such a motion does not stay removal. 8 U.S.C. §§ 1229a(b)(5)(C), 1229a(c)(7)(C)(iv); *see also* 8 C.F.R. §§ 1003.2(f), 1003.23(b)(4)(ii). But, even if there was a stay of removal, that would not "alter the finality of the removal order" and would not shift "Petitioner's detention from § 1231 to § 1226." *Monue F.G. v. ICE*, 2019 WL 2079835, at *4 (D. Minn. Apr. 12, 2019), *report and recommendation adopted*, 2019 WL 2075871 (D. Minn. May 10, 2019); *see also Xie Ding Chen v. Barr*, 2020 WL 6583089, at *4 (N.D. Ohio Nov. 10, 2020) ("There is no support for the . . . conclusion that the BIA's stay of Chen's removal pending its resolution of his motion to reopen . . . eliminated the finality of his removal order and

effectively returned him to the pre-removal-order status governed by 8 U.S.C. § 1226."). Petitioner's citation to *Guzman Chavez* is likewise unavailing as the Supreme Court reversed the Fourth Circuit's holding in *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) and ultimately held that Section 1231 – not Section 1226 – governed the detentions at issue there. *Id.* at 533 ("We conclude that § 1231, not § 1226, governs respondents' detention and now reverse the judgment of the Fourth Circuit."). Accordingly, because Section 1231 governs Petitioner's detention, he is not entitled to a bond hearing pursuant to Section 1226 and the Petition will be denied on that ground.

Petitioner also seeks a bond hearing pursuant to the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Supreme Court determined that indefinite detention under Section 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." 533 U.S. at 682. But, the Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Here, Petitioner has been detained since October 15, 2025, which is shorter than the six-month period recognized in *Zadvydas*. Dkt. 1 at 11. Accordingly, Petitioner's *Zadvydas* challenge is premature and will be denied without prejudice.

## IV.  CONCLUSION

Accordingly, for all of the reasons above, it is hereby ORDERED that the Petition (Dkt. 1) is DENIED; and it is

FURTHER ORDERED that the Court's Order prohibiting Respondents from removing

Petitioner from this District is LIFTED, and the Court expresses no view as to whether some other provision of law that may apply pursuant to efforts in Petitioner's immigration proceedings precludes Petitioner's removal from this country.

The Clerk is directed to send copies of this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
February 11, 2026

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

6